UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TAMRA C., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C20-5281-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1962,[1] has a high school education, and previously worked as a ticket agent for an airline. (AR 28.) Plaintiff applied for DIB in August 2016. (AR 20.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (*Id.*) On January 10, 2019, ALJ Allen G. Erickson held a hearing, taking testimony from Plaintiff

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

and a vocational expert (VE). (AR 37-83.) On February 7, 2019 the ALJ issued a decision finding Plaintiff not disabled. (AR 17-28.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity from May 11, 2012, the alleged onset date, through December 31, 2013, the date last insured (DLI). (AR 23.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's lumbar spine degenerative disc disease; lumbar spine degenerative joint disease; and status post cervical spine surgery. The ALJ found not severe plaintiff's scoliosis, hypertension, sinusitis and bronchitis. The ALJ noted allegations of mental health symptoms and hand difficulties, but found these conditions either not medically determinable during the relevant time period. (AR 23-24.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 24.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 2

performing light work as defined in 20 CFR 404.1567(b) with additional limitations to occasional crawling and climbing ladders, ropes or scaffolds; occasional exposure to vibration and extreme cold temperatures, and occasional reaching overhead bilaterally. (AR 24.) With that assessment, and with the assistance of the VE, the ALJ found Plaintiff able to perform past relevant work as a ticket agent. (AR 28.) The ALJ concluded Plaintiff was not disabled at any time between May 11, 2012 through December 31, 2013. (*Id.*)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding Plaintiff's mental impairments of depression and anxiety not severe at step two; (2) assessing certain medical evidence and opinions; (3) discounting her testimony; and (4) fashioning the RFC. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

### Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). To establish a severe impairment at step two, the condition "must result from anatomical, physiological, or psychological abnormalities that can

be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. §404.1521.  Plaintiff carries the burden of proving an impairment is disabling--a statement of symptoms is insufficient.  *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985).

Plaintiff argues the ALJ erred at step two in finding anxiety and depression not severe impairments.

The ALJ took note of plaintiff's hearing testimony that she struggled with depression and anxiety. (*See, for example,* AR 48-50, 74-75.)  Plaintiff reported experiencing social isolation, low motivation, and diminished concentration. (AR 24, *citing* AR 342.) However, the ALJ found plaintiff's report of symptoms "not documented by any acceptable clinical or laboratory findings to establish that she had a severe medically determinable mental…impairment through the date last insured." (*Id.*) The ALJ also cited a lack of evidence of mental health treatment until after the date last insured. (AR 27, *citing* AR 422 and AR 505-06).

While plaintiff cites to her mention of depression in a chart note dated from the relevant time period (AR 1095-97), plaintiff fails to cite any record evidence of "medically acceptable clinical and laboratory diagnostic techniques" to establish the diagnosis of a mental health condition. 20 C.F.R. §404.1521. Plaintiff fails to demonstrate error in the ALJ's step two consideration of a mental health impairment.

<u>Medical Evidence</u>

Plaintiff argues the ALJ erred in considering medical opinions that post-date the relevant period, May 12, 2012 through December 31, 2013. Dkt. 23 at 7.  It is a bit difficult to discern which opinion evidence is challenged by plaintiff, as well as the basis thereof. While medical

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

opinions that post-date the DLI may be relevant to determining whether a claimant was disabled before the DLI, *Smith v. Bowen*, 849 F.2d 1222, 1225-26 (9th Cir. 1988); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1461 (9th Cir. 1995) ("[t]he claimant may establish such continuous disabling severity by means of a retrospective diagnosis"), post-DLI opinions may be properly discounted where the opinion does not have retrospective applicability or where the pre-DLI evidence is inconsistent with it. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that an ALJ may discount a post-DLI opinion that is inconsistent with pre-DLI evidence). Plaintiff fails to demonstrate error in the ALJ's consideration of the medical opinion evidence.

*Jos A. Cove, M.D.*

In 2014, Dr. Cove stated Plaintiff is a "reasonable candidate for surgery." (AR 1620.) Plaintiff argues this "indicates" she would "have severe difficulties in performing the daily tasks required of performing light work." Dkt. 23 at 8. However, Dr. Cove provided no opinion regarding Plaintiff's ability to perform light work and did not opine that a person who is a "reasonable candidate for surgery" categorically cannot perform light work. Further, Dr. Cove did not otherwise make findings inconsistent with the medical evidence from the period at issue showing Plaintiff has more functional limitations than the ALJ found.

The ALJ did not specifically discuss Dr. Cove's statement that Plaintiff is a candidate for surgery. An ALJ must explain why "significant, probative evidence has been rejected," and must explain why uncontroverted medical evidence is rejected. *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). However, while the ALJ must "make fairly detailed findings in support of administrative decisions to permit courts to review those decisions intelligently," the ALJ "need not discuss all evidence presented." *Id.* at 1394-95. Plaintiff has not established, simply by pointing to treatment notes the ALJ did not discuss, that the ALJ erred in assessing the medical evidence or

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

that there were functional limitations the ALJ should have included but did not.

*William Morris, M.D.*

Dr. Morris saw Plaintiff twice in 2013. At an initial consultation, Dr. Morris noted Plaintiff "complained of experiencing persistent low back pain with radiating symptoms down her right leg"; "reported that driving longer than 30 minutes aggravated her symptoms"; and "confirmed she had been taking Excedrin." (AR 26.) Dr. Morris "observed that the claimant ambulated with a normal gait and demonstrated intact balance," and that she had "full strength and reflexes throughout, and her straight leg raise tests were negative." (*Id*.) Dr. Morris "concluded that the claimant was a surgical candidate, but referred her to physical therapy in the meantime." At a follow-up visit, Dr. Morris noted Plaintiff "complained that she continued to deal with low back pain with radiating symptoms down her legs" and "reported that she wanted to proceed with low back surgery after quitting smoking." (*Id*.) Dr. Morris "concluded that he would recommend additional imaging when the claimant finally reached the point where she was interested in having surgery." (*Id*.)

Plaintiff argues the ALJ erred by not considering a 2014 MRI (AR 1108) that Dr. Morris discussed. Dkt. 23 at 9. Plaintiff argues Dr. Morris "reached diagnoses similar to appointments dating back to 2008." *Id*. However, Dr. Morris did not opine the MRI showed Plaintiff's conditioned had worsened since the first ALJ's decision was issued in 2012 finding Plaintiff not disabled. Dr. Morris's statement simply repeats what was already before the first ALJ—Plaintiff was a candidate for back surgery. Again, Plaintiff's argument which simply points to Dr. Morris's 2014 treatment note is insufficient to establish the ALJ harmfully erred in assessing the medical evidence or that there were functional limitations the ALJ should have included but did not. Plaintiff also argues that Dr. Morris "found loss of reflexes at the right knee and ankle joint," and

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6

contends that "[l]oss of reflexes indicates difficulty with walking, standing, and with balance." *Id*. However, Dr. Morris did not assess any functional limitations to the relevant time period and did not otherwise make findings indicating greater functional limitations than the ALJ assessed. The Court accordingly finds no harmful error in the ALJ's treatment of Dr. Morris's post-DLI assessments.

*Vanraj Varu, M.D.*

On May 29, 2014, Dr. Varu examined Plaintiff and opined she "does not have capacity to work." (AR 449.) Plaintiff argues Dr. Varu's opinion "should be construed to indicate that [Plaintiff's] symptoms precluded her from working as a Ticket Agent." Dkt. 23 at 8. Plaintiff further argues Dr. Varu's opinion "corroborates mental health symptoms endorsed by [Plaintiff] in 2013," that is, within the period at issue. *Id*. However, Dr. Varu's opinion does not relate back to the relevant period. Dr. Varu first met with Plaintiff after the DLI and thus had no treating relationship with Plaintiff during the relevant period. Dr. Varu also did not provide any opinion regarding the onset date of Plaintiff's work capacity, or whether Plaintiff's mental health symptoms were similarly severe prior to 2014. Moreover, the previous ALJ explicitly found in 2012 that Plaintiff's depression and anxiety were severe at step two in a decision that accounts for the time period of August 15, 2005 through May 10, 2012. (AR 105.) Plaintiff does not point to anything in the medical record from the relevant time period showing her depression and anxiety worsened during that period. The Court according finds no harmful error in the ALJ's treatment of Dr. Varu's opinions.

<u>Plaintiff's Testimony</u>

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 7

affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ may discount Plaintiff's testimony based upon inconsistencies in her testimony or between her testimony and her activities and the medical record concerning the severity of the symptoms of which Plaintiff complains. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996).

Here, the ALJ first rejected Plaintiff's testimony as inconsistent with the medical evidence. As discussed above, the ALJ properly assessed the medical evidence and the ALJ thus properly rejected Paintiff's testimony on this ground. Next, the ALJ found Plaintiff's testimony was inconsistent with her activities, specifically caring for her infant grandchild. Plaintiff argues the ALJ failed to explain how her childcare is inconsistent with her testimony. However, it was not unreasonable for the ALJ to determine that caring for an infant is incongruous with Plaintiff's claim she is diabled due to physical and mental limitations.

Finally, the ALJ found Plaintiff made inconsistent statements about falling, which as noted above is a valid basis to discount a claimant's testimony. Plaintiff testified at hearing that she suffered "four extreme falls that have taken me right into the emergency room" (AR 69), yet ALJ noted the lack of evidence in the record to corroborate this claim. (AR 27.)  Plaintiff does not challenge this finding.

Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's subjective testimony, the ALJ's findings in this regard are affirmed.

RFC

Plaintiff argues the Court should find the ALJ's erred in fashioning the RFC because the ALJ failed to properly weigh the medical evidence and also improperly discounted Plaintiff's

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 8

testimony and the testimony of the lay witnesses. The argument is foreclosed because, as discussed above, the ALJ reasonably weighed the medical evidence and gave valid reasons supported by substantial evidence to discount Plaintiff's testimony.

## **CONCLUSION**

For the foregoing reasons, this matter is AFFIRMED.

DATED this 1st day of February, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 9